ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **MÓNICA LONGO MARRERO; MARÍA SOCORRO MARRERO NAVARRO** <br> DEMANDANTE(S)-PETICIONARIA(S) <br><br> V. <br><br> **PR ALPHA INVESTMENTS LLC, ET. ALS.** <br> DEMANDADA(S)-RECURRIDA(S) | KLCE202301221 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMÓN** <br><br> Querella Núm. **DO2022CV00004 (502)** <br><br> Sobre: Interdicto Posesorio Preliminar y Permanente |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

*Barresi Ramos*, juez ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 15 de diciembre de 2023.

Comparecen ante este Tribunal de Apelaciones, las señoras **MÓNICA LONGO MARRERO** y **MARÍA SOCORRO MARRERO NAVARRO** (señoras **LONGO MARRERO** y **MARRERO NAVARRO**) mediante *Petición de Certiorari* instada el 3 de noviembre de 2023. En su recurso, nos solicitan que revisemos la *Resolución* dictada el 14 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] Mediante la referida determinación, el foro de instancia declaró *no ha lugar* a la solicitud de audiencia y ordenó continuar el curso ordinario en el caso.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

## - I -

El 14 de enero de 2022, las señoras **LONGO MARRERO** y **MARRERO NAVARRO** entablaron una *Demanda de Injuction* en la cual solicitaron, entre

---

[1] Dicho dictamen judicial fue notificado y archivado el 15 de septiembre de 2023. Véase Apéndice de la *Petición de Certiorari*, pág. 2.

Número Identificador:
RES2023_____

otras cosas, se expidiera un interdicto preliminar y permanente, así como se ordenara la demolición y remoción de la construcción de un muro concreto.[2]

El 17 de marzo de 2022, **PR ALPHA INVESTMENTS, LLC** (**PR ALPHA**) y **RICK SHROTRI** presentaron sus *Contestaciones a la Demanda de Injuction y Reconvención*.[3] En esencia, expusieron sus defensas afirmativas e instaron *Reconvención* en la cual suplicaron se declarará *no ha lugar* la demanda y *ha lugar* la reconvención.

Al poco tiempo, el 21 de marzo de 2022, las señoras **LONGO MARRERO** y **MARRERO NAVARRO** presentaron su *Contestación a Reconvención de PR Alpha Investments, LLC*.[4]

El 3 de mayo de 2022, las partes alcanzaron un convenio y presentaron una *Estipulación Conjunta sobre los Trabajos de Demolición*.[5] En sinopsis, **PR ALPHA** accedió y acordó proceder, a su costo, con la demolición del muro en controversia. De otro lado, las señoras **LONGO MARRERO** y **MARRERO NAVARRO** se comprometieron a proveer la autorización escrita para que se pudiera tramitar todos los permisos correspondientes. Inclusive, como parte de esas negociaciones, **PR ALPHA** accedió a colocar una verja temporera de madera en la propiedad de las señoras **LONGO MARRERO** y **MARRERO NAVARRO**.

Consecuentemente, el 15 de diciembre de 2022, las señoras **LONGO MARRERO** y **MARRERO NAVARRO** presentaron *Demanda Enmendada*.[6] En lo concerniente, reclamaron al tribunal: (1) expedir un interdicto posesorio sobre la servidumbre pluvial y ordenar la reparación del desagüe de la propiedad #395; (2) imponer a **PR ALPHA** y **RICK SHROTRI** el pago por concepto de daños y perjuicios, en una cantidad no menor de un millón de dólares ($1,000,000.00); y (3) requerir el pago de costas, gastos y honorarios

---

[2] Véase Apéndice de la *Petición de Certiorari*, págs. 32- 66.
[3] *Íd.*, págs. 67- 101 y 102- 118.
[4] *Íd.*, págs. 119- 128.
[5] *Íd.*, págs. 12– 15.
[6] *Íd.*, págs. 129- 142.

de abogados incurridos por la cantidad ascendiente a cincuenta mil dólares ($50,000.00).

Luego de varios incidentes procesales, el 19 de enero de 2023, las partes presentaron una *Moción par[a] Informar Acuerdo que Dispone de la Solicitud de Interdicto Posesorio y para Solicitar de Orden*.[7] Esencialmente, el pacto dispuso únicamente de la necesidad de celebrar una vista sobre la solicitud de interdicto posesorio sobre el referido desagüe pluvial. En consecuencia, el 20 de enero de 2023, el foro *a quo* dictaminó *Sentencia Parcial* acogiendo los compromisos y expuso: "las partes acordaron que la codemandante Sra. **MÓNICA LONGO MARRERO** podrá realizar los trabajos de reparación y mantenimiento del desagüe pluvial en su ruta original y siguiendo el plan propuesto por el Ingeniero Luis Vélez Lugo".[8]

El 6 de marzo de 2023, **PR ALPHA** y **RICK SHROTRI** presentaron su *Contestación a la Demanda Enmendada de Injunction y Reconvención*.[9]

Posteriormente, el 14 de julio de 2023, las señoras **LONGO MARRERO** y **MARRERO NAVARRO** presentaron una *Moción en Solicitud de Orden* en la cual reclamaron que se les ordene a **PR ALPHA** y **RICK SHROTRI** remover los paneles de madera que instalaron en su solar, toda vez que se dieron por culminados los trabajos de demolición.[10] El 16 de julio de 2023, **PR ALPHA** y **RICK SHROTRI** presentaron una *Moción para Informar sobre Estado de Obras y en Oposición a Solicitud de Orden*.[11] El 17 de julio de 2023, el tribunal de instancia declaró *no ha lugar* la solicitud de orden para la remoción de la pared provisional.[12]

Por consiguiente, el 30 de agosto de 2023, las señoras **LONGO MARRERO** y **MARRERO NAVARRO** presentaron una *Moción en Solicitud de Vista* requiriendo la movilización de la verja temporera.[13] El 11 de septiembre de

---

[7] Véase Apéndice de la *Petición de Certiorari*, págs. 143- 145.
[8] *Íd.*, págs. 146- 147.
[9] *Íd.*, págs. 148- 188.
[10] *Íd.*, págs. 189- 190.
[11] *Íd.*, págs. 191- 206.
[12] *Íd.*, pág. 207.
[13] *Íd.*, págs. 208- 221.

2023, **PR Alpha** y **Rick Shrotri** presentaron su *Moción en Oposición a Solicitud de Vista*.[14]

Finalmente, el 14 de septiembre de 2023, se determinó la *Resolución* recurrida. El 1 de octubre de 2023, las señoras **Longo Marrero** y **Marrero Navarro** presentaron *Moción en Solicitud de Remedio y Moción de Reconsideración*.[15] El 2 de octubre de 2023, **PR Alpha** y **Rick Shrotri** presentaron una *Oposición a Moción en Solicitud de Remedio y Moción de Reconsideración*.[16] El 4 de octubre de 2023, el foro recurrido intimó *Resolución* declarando *no ha lugar* la solicitud de reconsideración.[17]

Inconforme con ese proceder, las señoras **Longo Marrero** y **Marrero Navarro** recurrieron el 3 de noviembre de 2023, ante este foro revisor señalando el(los) siguiente(s) error(es):

> Erró el Tribunal de Primera Instancia, Sala de Bayamón, al denegar la solicitud de la parte recurrente para que se movilice la verja temporera de los recurridos dentro de su solar y erró al denegar la solicitud de vista para evaluar la petición y el daño a la propiedad ocasionado, habiéndose dispuesto mediante Sentencia Parcial que la misma permanecería allí hasta culminar con los trabajos de demolición del muro.

El 7 de noviembre de 2023, pronunciamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de diez (10) días para mostrar causa por la cual no debamos expedir el auto de *certiorari* y revocar el dictamen impugnado. En consecuencia, el 28 de noviembre de 2023, **PR Alpha** y **Rick Shrotri** presentaron su *Alegato en Oposición a la Expedición de la "Petición de Certiorari"*. En resumen, arguyeron que: (1) logró los permisos de OGPe para los trabajos de demolición; (2) obtuvo autorización de la Asociación de Residentes de DBE para realizar las obras de demolición; (3) notificó a Longo sobre los desarrollos; e (4) instaló la verja de madera antes descrita dentro de la propiedad de **Longo Marrero** con su consentimiento. Al mismo tiempo, esbozó que **Longo Marrero** provocó un sinnúmero de incidentes procesales

---

[14] Véase *Apéndice de la Petición de Certiorari*, págs. 222- 231.
[15] *Íd.,* págs. 3- 8.
[16] *Íd.,* págs. 232- 241.
[17] *Íd.,* pág. 1.

con la finalidad de entorpecer los esfuerzos de **PR ALPHA**. También, argumentó que la notificación de la *Petición de Certiorari* fue defectuosa.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

– **II** –

– **A** –

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[18] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[19]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[20] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[21]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[22] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[23] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

---

[18] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.*, 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46; 211 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[19] *Íd.*
[20] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[21] *Íd.*
[22] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[23] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[24]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[25]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[26] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[27]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[28] En otras palabras, los anteriores criterios

---

[24] 4 LPRA Ap. XXII – B, R. 40; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339– 340 (2012).
[25] *McNeil Healthcare v. Mun. Las Piedras I, supra,* pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[26] *McNeil Healthcare v. Mun. Las Piedras I, supra,* pág. 404; *800 Ponce de León v. AIG, supra*.
[27] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[28] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).

nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[29] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[30] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[31]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[32] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[33]

## – III –

La Regla 52.1 de las de Procedimiento Civil de 2009 nos permite expedir el auto de *certiorari* cuando se recurre de una resolución u orden bajo remedios provisionales de las Reglas 56 y 57 de las de Procedimiento Civil de 2009 o de la denegatoria de una moción de carácter dispositivo. En este caso, estamos ante una determinación revisable por este foro intermedio y sobre la cual podemos expedir el auto de *certiorari*.

En su recurso, las señoras **Longo Marrero** y **Marrero Navarro** expusieron que el tribunal primario erró al denegar la solicitud de remoción de la verja temporera dentro de su propiedad, así como erró al rehusar celebrar una audiencia para evaluar su petitorio y el daño ocasionado a su inmueble. Además, desplegaron que los acuerdos relacionados a la controversia fueron cumplidos y, se reparó el desagüe. Empero, insisten en

---

[29] *Mun. de Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[30] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[31] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. de Caguas v. JRO Construction, Inc., supra.*
[32] *García v. Asociación*, 165 DPR 311, 322 (2005).
[33] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

que la verja temporera no formó parte de las estipulaciones, por lo que, debe ser removida.

Por otro lado, **PR ALPHA** y **RICK SHROTRI** argumentaron que el litigio se había tornado en uno altamente contencioso pese a que existe un entendimiento para la instalación de los paneles protectores de madera dentro de la propiedad de las señoras **LONGO MARRERO** y **MARRERO NAVARRO**. Adujeron que obtuvieron los permisos de OGPe para los trabajos de demolición y, la instalación de la verja de madera fue con el consentimiento de las señoras **LONGO MARRERO** y **MARRERO NAVARRO**. También, expresaron que la demolición no ha finalizado, por lo que, la remoción de la verja será realizada tan pronto finalice el proyecto.

Ahora bien, al examinar la totalidad del expediente no puede pasar por desapercibido que entre las partes hubo unos acuerdos desde el inicio de las controversias. Esto es, las partes suscribieron una *Estipulación Conjunta Sobre Los Trabajos De Demolición* y una *Moción Para Informar Acuerdo Que Dispone De la Solicitud De Interdicto Posesorio* en las cuales llegaron a unos acuerdos respecto a los permisos, costos y proceso de desmoronamiento del muro. Colegimos que lo pactado por las partes es una admisión judicial que implica un desistimiento formal de cualquier contención contraria a ella. Éstas persiguen evitar dilaciones, inconvenientes, gastos y su uso debe alentarse para lograr el propósito de hacer justicia rápida y económica.[34] Como norma general, un juzgador debe aceptar los convenios y las estipulaciones de las partes. Una vez el tribunal ratifica una estipulación, mediante la cual se pone fin a un pleito o se resuelve algún incidente dentro del proceso, ésta obliga a las partes y tiene el efecto de cosa juzgada.[35]

En el caso de marras, se está llevando a cabo una demolición de una verja que fuese contemplada en los acuerdos de las partes. El asunto que señalan las señoras **LONGO MARRERO** y **MARRERO NAVARRO** respecto a la

---

[34] *Mun. de San Juan v. Prof. Research*, 171 DPR 219, 238 (2007).
[35] *Íd.*

movilización de la verja temporera es un detalle que emana del proyecto de la propia demolición. El trabajo por el cual las partes llegaron a un acuerdo no ha finalizado, por lo que, la verja temporera objeto de controversia deberá ser removida una vez culmine o finalice la obra de demolición.

De igual forma, las señoras **LONGO MARRERO** y **MARRERO NAVARRO** no han demostrado la existencia de un nexo causal entre la demolición del muro y la imposibilidad de alquiler de su propiedad. Tampoco lograron acreditar, la existencia o inminencia de daños irreparables en su propiedad o inmediaciones que justifiquen la concesión de un remedio extraordinario. Por lo tanto, discernimos que no se amerita nuestra intervención en esta etapa de los procedimientos y, en consecuencia, procedemos a conferirle deferencia al foro recurrido.

– **IV** –

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* promovido el 3 de noviembre de 2023 por las señoras **LONGO MARRERO** y **MARRERO NAVARRO** y, en conformidad, ordenamos la continuación de los procedimientos ante el Tribunal de Primera Instancia.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones